IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. LAMBERTSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> G.D. LEWIS, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 12-5122 LHK (PR) <br><br> ORDER TO RE-OPEN; ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 15, 2012, the Court dismissed this action without prejudice based on Plaintiff's failure to timely submit a completed application to proceed in forma pauperis ("IFP"), or pay the filing fee. On December 11, 2012, Plaintiff filed a motion to re-open, stating that he submitted the necessary paperwork to the prison, but through no fault of his own, the paperwork did not arrive at the Court in a timely manner.

On January 17, 2013, the Court denied the motion to re-open without prejudice. The Court ordered that it would consider re-opening the case if Plaintiff filed a completed IFP application. Plaintiff has filed a completed IFP application. Good cause being shown, the Court RE-OPENS this action. Plaintiff is granted leave to proceed IFP in a separate order.

# DISCUSSION

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

B.    Legal Claims

In the complaint, Plaintiff states that on February 14, 2012, Plaintiff was being escorted from the Pelican Bay State Prison law library back to the mental health unit's Enhanced Outpatient program. While returning to the mental health unit, several general population inmates darted through an unlocked security gate and attacked Plaintiff and another inmate. Plaintiff sues Correctional Officers John Doe, numbers 1 through 10, and Warden G.D. Lewis for failing to protect him. Liberally construed, Plaintiff has stated a cognizable claim that Defendant Warden G.D. Lewis was deliberately indifferent to his safety needs and failed to protect him, in violation of the Eighth Amendment.

However, as Plaintiff's complaint reads now, he does not state a cognizable claim against Doe Defendants. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. However, a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *See id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference. *See id.* Here, there is no indication that any Doe Defendant was aware that a substantial risk of serious harm existed, or that he drew such inference. Thus, this claim is DISMISSED. If Plaintiff believes that he can, in good faith, allege a cognizable claim, he may amend his complaint within thirty days to include such a claim.

Further, Plaintiff's naming of "Doe" Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See id.* Should Plaintiff discover the identities of the Doe Defendants, he may move to amend his complaint to include them in this action at a later date.

The Court exercises its supplemental jurisdiction over Plaintiff's state law claim.

## CONCLUSION

1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this Order to **Warden G.D. Lewis** at **Pelican Bay State Prison**. Doe Defendants are DISMISSED without prejudice.

The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

2.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date

1  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required
2  to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
3  was sent.  (This allows a longer time to respond than would be required if formal service of
4  summons is necessary.)  Defendant is asked to read the statement set forth at the bottom of the
5  waiver form that more completely describes the duties of the parties with regard to waiver of
6  service of the summons.  If service is waived after the date provided in the Notice but before
7  Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on
8  which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,
9  whichever is later.

10       3.     No later than **ninety (90) days** from the date of this Order, Defendant shall file a
11 motion for summary judgment or other dispositive motion with respect to the cognizable claims
12 in the complaint.

13           a.     If Defendant elects to file a motion to dismiss on the grounds that Plaintiff
14 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
15 Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
16 F.3d 1108, 1119-20 (9th Cir. 2003).

17           b.     Any motion for summary judgment shall be supported by adequate factual
18 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
19 Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified**
20 **immunity found, if material facts are in dispute.  If Defendant is of the opinion that this**
21 **case cannot be resolved by summary judgment, he shall so inform the Court prior to the**
22 **date the summary judgment motion is due.**

23       4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and
24 served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is
25 filed.   Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

26

27

28

1  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must
2  come forward with evidence showing triable issues of material fact on every essential element of
3  his claim).

4      5.    Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's
5  opposition is filed.

6      6.    The motion shall be deemed submitted as of the date the reply brief is due.  No
7  hearing will be held on the motion unless the Court so orders at a later date.

8      7.    All communications by the Plaintiff with the Court must be served on Defendant
9  or Defendant's counsel, by mailing a true copy of the document to Defendant or Defendant's
10 counsel.

11     8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
12 No further Court order is required before the parties may conduct discovery.

13     9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
14 and all parties informed of any change of address and must comply with the Court's orders in a
15 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
16 pursuant to Federal Rule of Civil Procedure 41(b).

17     IT IS SO ORDERED.

18 DATED:   7/15/13

                          LUCY H. KOH
19                           United States District Judge