IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. LAMBERTSON, ) | No. C 12-5122 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER OF PARTIAL |
| ) | DISMISSAL; ORDER OF |
| v. ) | SERVICE; DIRECTING |
| ) | DEFENDANT TO FILE |
| ) | DISPOSITIVE MOTION OR |
| G.D. LEWIS, et al., ) | NOTICE REGARDING SUCH |
| ) | MOTION |
| Defendants. ) | |
| ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On July 16, 2013, the court screened the complaint, served the named defendant, and dismissed Doe defendants without prejudice, advising plaintiff that he could move to amend the complaint if he could discover the names of Doe defendants. Plaintiff has filed a second amended complaint. For the reasons stated below, the court again dismisses the Doe defendants without prejudice, and directs defendant to file a dispositive motion or notice regarding such motion.

**DISCUSSION**

A.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\LHK\CR.12\Lambertson122srv.wpd

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

B. <u>Legal Claims</u>

In the second amended complaint, plaintiff re-states his claim that on February 14, 2012, plaintiff was being escorted from the Pelican Bay State Prison law library back to the mental health unit's Enhanced Outpatient program. While returning to the mental health unit, several general population inmates darted through an unlocked security gate and attacked plaintiff and another inmate. Plaintiff sues Correctional Officers John Doe, numbers 1 through 3, and Warden G.D. Lewis for failing to protect him. Liberally construed, plaintiff has stated a cognizable claim that defendants were deliberately indifferent to his safety needs and failed to protect him, in violation of the Eighth Amendment.

However, as the court previously informed plaintiff, the naming of "Doe" Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Thus, Doe defendants are DISMISSED without prejudice. Nonetheless, situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See id.* Should plaintiff discover the identities of the Doe defendants, he may move to amend his second amended complaint to include them in this action at a later date.

**CONCLUSION**

1. Doe Defendants are DISMISSED without prejudice.

2. No later than **sixty (60) days** from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

      a.     If defendant elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

      b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.</u>**

    3.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    4.     Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

    5.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    6.     All communications by the plaintiff with the court must be served on defendant's counsel, by mailing a true copy of the document to defendant's counsel.

    7.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1     IT IS SO ORDERED.
2 DATED:   11/20/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge