UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. LAMBERTSON,<br>        Plaintiff,<br><br>        v.<br><br>G. D. LEWIS,<br>        Defendant. | Case No. 12-cv-05122-JD<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 32, 36, 40 |

Plaintiff, a state prisoner proceeding pro se, has brought a civil rights action under 42 U.S.C. § 1983. Warden Lewis, the sole defendant in this case, has filed a motion to dismiss citing failure to state a claim, failure to exhaust administrative remedies and qualified immunity. Plaintiff has not filed an opposition but has filed a motion to appoint counsel. Defendant has also filed a motion to convert the motion to dismiss for failure to exhaust to a motion for summary judgment in light of *Albino v. Baca*, No. 10-55702, 2014 WL 1317141 (9th Cir. Apr. 3, 2014).

**I.  BACKGROUND**

This action continues on the second amended complaint (Docket No. 24)[1] regarding an incident that occurred while plaintiff was incarcerated at Pelican Bay State Prison. Plaintiff states he is in the Enhanced Outpatient Program ("EOP") for prisoners with mental health needs and he was assaulted by general population inmates when he was being escorted back to his housing unit. He states that the general population inmates rushed through a gate that a guard neglected to ensure was locked, enabling the inmates to attack him. He states he suffered deep lacerations that

---

[1] It is the first amended complaint, but because plaintiff mistakenly labeled it as the second amended complaint the Court will use that designation to avoid confusion.

1  required medical attention. Plaintiff alleges that Warden Lewis is liable for failing to provide
2  proper training and policies for the correctional officers under his supervision. The unnamed Doe
3  defendants named in the original complaint were dismissed by the Court with leave to amend but
4  plaintiff failed to identify any specific defendant in the second amended complaint other than
5  Warden Lewis.

**II.    LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995).

All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id*. at 558-59, 574. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates

United States District Court
Northern District of California

the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41.

### III.   ANALYSIS

The only allegation against defendant Lewis is that as warden of the prison he was responsible for the training and supervision of the correctional officers. There are no allegations that Lewis was personally involved in the incident and no specific allegation concerning how any policy was inadequate and that Lewis was aware of the inadequacy. To be liable for unsafe prison conditions under the Eighth Amendment, a supervisor must have known that there was a substantial risk that his or her actions (e.g., substandard training, supervision, policy creation) would cause inmates harm, and there must be a causal connection between the supervisor's actions and the plaintiff's harm. *Jeffers v. Gomez*, 267 F.3d 895, 914-16 (9th Cir. 2001) (director of state prison system who had modified the use-of-force policy to decrease number of prison shootings was entitled to qualified immunity for shootings during prison riot under new policy); *see also id.* at 916-18 (warden present at time of riot entitled to qualified immunity because no evidence that prison policies he followed regarding training, housing of inmates, selection of weapons were unconstitutional).

Based on plaintiff's own allegations it appears that there is a policy at the prison requiring the separation of EOP and general population inmates, but this policy was not followed in this instance. Plaintiff's bare allegations are insufficient to state a claim of deliberate indifference against Lewis. The complaint will be dismissed, but plaintiff will be provided an opportunity to file a third amended complaint to cure the deficiencies discussed above. If plaintiff wishes to name additional defendants, he must also provide more information regarding the assault and how correctional officers were deliberately indifferent as this appears to have been an isolated incident due to a mistakenly unlocked gate and there is no indication of any previous threat against plaintiff. Plaintiff must provide additional allegations that defendants knew plaintiff "faced a

substantial risk of serious harm and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *See Hearns*, 413 F.3d at 1041-42 (citation omitted).[2]

### IV.   MISCELLANEOUS MOTIONS

As the complaint is dismissed with leave to amend, it is premature to rule on the issue of exhaustion. Defendant's motion to convert the motion to dismiss for failure to exhaust to a motion for summary judgment is denied without prejudice. If plaintiff files a third amended complaint and the Court screens it and orders defendant to file a dispositive motion, defendant may then file a motion for summary judgment regarding exhaustion.

Plaintiff has also filed a motion to appoint counsel. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff appears able to present his claims adequately, and the issues are not complex. Therefore, the motion to appoint counsel will be denied.

### V.   CONCLUSION

1.   The motion to dismiss (Docket No. 32) is **GRANTED**, and the second amended complaint is dismissed with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words THIRD AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

---

[2] The Court will defer ruling on the qualified immunity argument as the allegations are far too vague to even determine Warden Lewis' involvement. If plaintiff files an amended complaint with more detailed allegations, defendant can raise the argument in a future motion.

2.  The motion to convert (Docket No. 36) is **DENIED** without prejudice.

3.  The motion to appoint counsel (Docket No. 40) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 19, 2014

_____
JAMES DONATO
United States District Judge

12-cv-05122-JD-_mtd

5