UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. LAMBERTSON,<br><br>Plaintiff,<br><br>v.<br><br>G. D. LEWIS,<br><br>Defendant. | Case No. 12-cv-05122-JD<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 45 |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The Court granted defendant's motion to dismiss the second amended complaint with leave to amend. The Court dismisses the third amended complaint.

## DISCUSSION

### I.   STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1    claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed
2    factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to
3    relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a
4    cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above
5    the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
6    omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its
7    face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"
8    standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
9    must be supported by factual allegations. When there are well-pleaded factual allegations, a court
10   should assume their veracity and then determine whether they plausibly give rise to an entitlement
11   to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

12   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
13   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
14   the alleged deprivation was committed by a person acting under the color of state law. *West v.*
15   *Atkins*, 487 U.S. 42, 48 (1988).

## II.   LEGAL CLAIMS

17   Plaintiff alleges that correctional officers failed to protect him from an assault by other
18   inmates.

19   The Eighth Amendment requires that prison officials take reasonable measures to
20   guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular,
21   prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*.
22   at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to
23   protect inmates from attacks by other inmates or from dangerous conditions at the prison violates
24   the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is,
25   objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent
26   to inmate safety. *Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41.

27   To be liable for unsafe prison conditions under the Eighth Amendment, a supervisor must
28   have known that there was a substantial risk that his or her actions (e.g., substandard training,

supervision, policy creation) would cause inmates harm, and there must be a causal connection between the supervisor's actions and the plaintiff's harm. *Jeffers v. Gomez*, 267 F.3d 895, 914-16 (9th Cir. 2001) (director of state prison system who had modified the use-of-force policy to decrease number of prison shootings was entitled to qualified immunity for shootings during prison riot under new policy); *see also id*. at 916-18 (warden present at time of riot entitled to qualified immunity because no evidence that prison policies he followed regarding training, housing of inmates, selection of weapons were unconstitutional).

Plaintiff states that while he was being escorted back from the law library by correctional officers he was assaulted by other inmates. Plaintiff states that he is in the Enhanced Outpatient Program ("EOP") for prisoners with mental health needs and he was assaulted by general population inmates who should not have been allowed near him. Plaintiff only names Doe defendants.

The original complaint dismissed the Doe defendants because they were not aware of a risk of serious harm to plaintiff, but the Warden of the prison was served due to his supervisorial role. Plaintiff filed an amended complaint but again failed to identify the Doe defendants. Defendant's motion to dismiss was granted because plaintiff failed to demonstrate that there was a policy or substandard training that caused his harm to provide liability against the Warden who was not personally involved in the incident. Plaintiff was provided an opportunity to amend to provide more information regarding the Doe defendants and the Warden.

In this third amended complaint plaintiff has again failed to identify any specific defendants, only naming Doe defendants.[1] Plaintiff identifies no specific threat against him but states that defendants should have been aware that he was at risk due to his EOP status. Based on plaintiff's own allegations from his various filings it appears that there is a policy at the prison requiring the separation of EOP and general population inmates, but this policy was not followed in this instance because a gate was mistakenly left unlocked. While the correctional officers may have been negligent, this does not demonstrate deliberate indifference, nor were they aware of a

---

[1] Plaintiff does not name the Warden as a defendant in this complaint.

specific threat against plaintiff.  Plaintiff's allegations are therefore insufficient to state an Eighth Amendment claim against these unidentified defendants.

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000); *see also, Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").  As plaintiff has already been provided several opportunities to amend and failed to cure the deficiencies described by the Court, this case is dismissed with prejudice

## CONCLUSION

1.	The motion for an extension (Docket No. 45) is **GRANTED** and the third amended complaint is deemed timely filed.

2.	The third amended complaint is **DISMISSED** with prejudice.

3.	The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated:  September 3, 2014

_____
JAMES DONATO
United States District Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN D. LAMBERTSON,

    Plaintiff,

  v.

G. D. LEWIS,

    Defendant.

Case No.  12-cv-05122-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/4/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John D. Lambertson ID: V-92821  
California State Prison-Corcoran  
P.O. Box 3466  
Corcoran, CA 93212

Dated: 9/4/2014

Richard W. Wieking  
Clerk, United States District Court

By:_____  
LISA R. CLARK, Deputy Clerk to the  
Honorable JAMES DONATO

5