UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. LAMBERTSON,<br>          Plaintiff,<br>     v.<br>G. D. LEWIS,<br>          Defendant. | Case No. 12-cv-05122-JD<br><br>**ORDER TO REOPEN CASE AND SEND PLAINTIFF A SUBPOENA** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleged that three Doe defendants and the warden failed to protect him from an assault by other inmates on February 14, 2012. The case was dismissed for failure to state a claim and plaintiff filed an appeal. The Ninth Circuit reversed and ordered the claims to continue against the Doe defendants and remanded the case for further proceedings.[1] The Doe defendants have not been identified or served.

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

---

[1] The Ninth Circuit did not consider the claim against the warden because plaintiff failed to reallege his claim against this defendant in the third amended complaint.

Plaintiff must provide the identities of the Doe defendants.  Plaintiff may seek such information through the California Public Records Act or any other means available such as seeking reports from his central file concerning the incident.  Plaintiff may also use a Court subpoena which the Court will provide with instruction below.  If plaintiff seeks to use the subpoena he must return it the Court as soon as possible.

## CONCLUSION

1. The Clerk shall **REOPEN** this case.

2. Plaintiff shall provide the identities of the defendants within **fifty-six days (56)** of service of this Order.

3. As a pro se litigant, plaintiff needs the Court's Clerk to issue a subpoena.  Fed. R. Civ. P. 45(a)(3).  Therefore, the Clerk shall send to plaintiff a **blank records subpoena** form for plaintiff to fill out and return to the Court so that the Clerk may issue the subpoena and the Marshal may serve it on the subpoenaed party.  Plaintiff needs to fill in all of the necessary information, but must leave the signature line blank so that the Clerk may sign it.

**IT IS SO ORDERED.**

Dated:  June 1, 2016

_____
JAMES DONATO
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN D. LAMBERTSON,

    Plaintiff,

v.

G. D. LEWIS,

    Defendant.

Case No. 12-cv-05122-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 1, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John D. Lambertson ID: V-92821
California State Prison-Corcoran
P.O. Box 3466
Corcoran, CA 93212

Dated: June 1, 2016

    Susan Y. Soong
    Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO